UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIM FABRE AND NICOLE FABRE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>VERSUS<br><br>OLIN CORPORATION | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Olin Corporation, defendant in the above-entitled and numbered cause, removes this matter to this Court and respectfully represents:

1.

On April 27, 2022, a "Class Action Petition" was filed against Olin in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, bearing docket number 81,516 and entitled "Tim Fabre And Nicole Fabre, individually and on behalf of all others similarly situated vs. Olin Corporation." (hereinafter "Petition").

2.

Olin attaches hereto a copy of the Petition (Ex. 1), along with all of the process, pleadings and orders of which they are aware (Ex. 2).

3.

Plaintiffs allege that they are entitled to recover from defendants for damages caused by alleged exposure to a toxic substance, specifically chlorine, and their damages allegedly include "personal injury, mental and economic damages, and/or inconvenience." (Petition, ¶ 7).

4.

Olin was served with the Petition on May 11, 2022. Thus, the time within which Olin is allowed to file this Notice of Removal has not elapsed.

**Jurisdiction and Removal Based Upon Diversity of Citizenship
<u>28 U.S.C. § 1332(a) and § 1441</u>**

5.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds $75,000.00, per plaintiff, exclusive of interests and costs, and the suit is between citizens of different states and is, therefore, removable under the provisions of 28 U.S.C. § 1441, *et seq*.

6.

As alleged, plaintiffs, Tim Fabre And Nicole Fabre, are now, and were at the time they filed the Petition, citizens of the state of Louisiana domiciled in Iberville Parish (Petition, p. 1, first unnumbered paragraph).

7.

Olin is now, and was at the time plaintiffs' Petition was filed, a corporation organized under the laws of a state other than Louisiana with its principal place of business located outside the state of Louisiana. Specifically, Olin was not and is not a citizen of the State of Louisiana, but is and was a Virginia corporation with its principal place of business in the state of Missouri.

8.

Thus, there is complete diversity of citizenship between plaintiffs and Olin.

### Amount in Controversy pursuant to 28 U.S.C. § 1332 (a)

9.

In a class action proceeding in which subject matter jurisdiction is based upon diversity under 28 U.S.C. § 1332(a), courts must determine whether the claims of the named class representatives—as opposed to claims of the putative class members—meet the requisite amount in controversy.

10.

Pursuant to article 893 of the Louisiana Code of Civil Procedure, plaintiffs' petition does not demand a specific amount of compensatory damages.

11.

As specifically permitted under La. Code of Civ. Pro. art. 863, plaintiffs do allege: "The claim of each Plaintiff herein for damages does not satisfy the federal removal

requirement." (Petition, ¶ 11). Despite the allegation, La. Code of Civ. Pro. art. 862 allows a court to render judgment greater than the relief requested; and, the amount in controversy as to the individual claims of the class members is not controlling as to jurisdiction and removal. Therefore, those allegations do not defeat removal. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 876 (5th Cir. 2002).

12.

The court is required to look to the nature of the claims and relief sought and, if necessary, to other evidence for the purpose of evaluating whether the amount in controversy has been satisfied. Considering plaintiffs' class action allegations, the nature of plaintiffs' alleged compensatory damages, and damages awarded in similar litigations, Olin shows that the amount in controversy exceeds $75,000, exclusive of interest and costs, as explained further below.

13.

Specifically, plaintiffs filed this action individually and on behalf of a purported class of "all persons and entities located or residing in and around the City of Plaquemine, Parish of Iberville, State of Louisiana, who have sustained personal, mental and economic damages and/or inconvenience as a result of the chemical release which occurred on April 18, 2022" (Petition, ¶ 12). Plaintiffs seek certification of a class defined as "All persons who were residing in the vicinity of the City of Plaquemine, Louisiana on April 18, 2022, and were exposed to the chlorine which had been released

from the Olin plant facility located within The Dow Chemical facility." (Petition, ¶ 14).

14.

Plaintiffs allege damages, which include "personal injury, mental and economic damages, and/or inconvenience." (Petition, ¶ 7). Plaintiffs allege that chlorine is "a known carcinogen" (Petition, ¶ 7); and that they "live in an ever-present fear that as a result of their exposure they will suffer from disabling or terminal disease in the future and as a result, they are entitled to medical monitoring." (Petition, ¶ 9). Plaintiffs further claim: "considerable fear, anguish, discomfort and inconvenience of the populace of the community surrounding the Olin facility, as well as some injuries which required medical attention." (Petition, ¶ 10).

15.

Olin denies that chlorine was released in sufficient quantities to cause the physical injuries alleged or that chlorine is a carcinogen, but plaintiffs' Petition asserts such claims and squarely places such damages in controversy.

16.

Plaintiffs further allege that all requirements for class certification under La. Code of Civ. Pro. art. 591 are present, and specifically that "[t]he large number of claimants present a level of numerosity better handled through the class action procedure as opposed to mass joinder of individual claims." (Petition, ¶ 13(a)).  In support of numerosity, plaintiffs allege "that the number exceeds 3,000 individuals." (Petition, ¶ 17).

17.

While Olin denies that class certification is appropriate as to plaintiffs' claims, Olin does concede that on April 18, 2022 a shelter-in-place was ordered by the Iberville Parish Office of Emergency Planning ("OEP") for "all of the Plaquemine area" and that OEP's system attempted to provide notice of the shelter-in-place to 3,474 phone numbers and 858 individual text numbers. (Ex. 3; Affidavit of Stevey Sailors).

18.

The Fifth Circuit has recognized that Louisiana class action law presents a unique circumstance under which attorneys' fees may be taken into account in establishing that the jurisdictional amount has been satisfied. Pursuant to *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864 (5th Cir. 2002), attorneys' fees which may be awarded to the class representatives under La. Code of Civ. Pro. art. 595 may be aggregated for the purpose of determining amount in controversy under 28 U.S.C. § 1332. "Stated differently, when a putative Louisiana plaintiffs' class advances a cause of action, such as tort or strict liability, for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under [ La. Code of Civ. Pro.] 595(A) shall be attributed entirely to the class representatives and included in calculating the amount in controversy." *Grant*, 309 F.3d, at 876-877. *See also: Gines v. Horton, Inc.*, 2009 W. L. 1916485 (M.D. La. 2009)(amount in controversy satisfied taking into account attorney fees); *Coltrin v. Rain CII Carbon, LLC*, 2012 W. L. 219419 (W.D. La. 1/24/12)(noting

that possible recovery of attorney fees in Louisiana class action was sufficient to establish requisite amount in controversy).

19.

Olin denies any and all liability to plaintiffs, including the putative class members, and Olin denies that any plaintiffs or putative class members were damaged. Nevertheless, plaintiffs allege damages sufficient to establish the amount in controversy when aggregating the associated attorneys' fees which would be attributable to the class representatives under *Grant*.

20.

Pursuant to *Grant*, Olin shows that under a preponderance of the evidence the amount in controversy—not the amount actually due—including the aggregated attorneys' fees and costs attributable to the putative class representatives, for pursuing claims for a class claimed of "All persons who were residing in the vicinity of the City of Plaquemine, Louisiana on April 18, 2022, and were exposed to the chlorine which had been released from the Olin plant facility located within The Dow Chemical facility" exceeds $75,000.

21.

Plaintiffs did not attach to their petition a binding and irrevocable stipulation waiving their rights and the rights of all proposed class members to seek or receive any amounts in excess of $75,000.00, exclusive of interest and costs, including all attorneys' fees or equitable relief.

22.

Additionally, pursuant to 28 U.S.C. Section 1367(a), this Court has supplemental jurisdiction over the claims of all other plaintiffs or any other members of the putative class as defined by the allegations set forth in plaintiffs' petition.

WHEREFORE, Olin Corporation prays that this cause be removed to the Middle District of Louisiana, and that this Court take and assume full and complete jurisdiction, and that Olin Corporation be granted such further relief as the Court may deem just and proper.

Respectfully submitted,

Erich P. Rapp (#18393)
erich.rapp@keanmiller.com
Jay M. Jalenak, Jr. (#20234) T.A.
jay.jalenak@keanmiller.com
Karli Glascock Johnson (#26304)
karli.johnson@keanmiller.com
Kean Miller LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

***Attorneys for Olin Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that promptly after the Notice of Removal was filed in this Court, a copy of the Notice of Removal and Notice of Automatic Stay were served upon all known counsel of record via email, namely:

Patrick W. Pendley
Andrea L. Barient
Pendley, Baudin & Coffin, L.L.P.
24110 Eden Street
Post Office Drawer 71
Plaquemine, Louisiana 70764-0071
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
Email: pwpendley@pbclawfirm.com
Email: abarient@pbclawfirm.com

Joseph B. Dupont, Jr.
Dupont, Dupont & Dupont
23635 Railroad Avenue
Post Office Box 627
Plaquemine, Louisiana 70764-0627
Telephone: (225) 687-6893
Facsimile: (225) 687-0227
Email: dddlaw@bellsouth.net

Kirk Guidry
8201 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7481
Facsimile: (225) 924-4519
Email: kguidry@dueguidry.com

Allen Myles
Myles & Myles
23445 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone: (225) 687-2822
Email: mylesandmylesattyatlaw@yahoo.com

Charlotte McDaniel
Charlotte C. McDaniel, Esq.
16851 Jefferson Highway, Suite 6-B
Baton Rouge, Louisiana 70808
Telephone: (225)389-6711
Fax: (225)372-2607
Email: charlotte@mcdanielmcgehee.com

and that a copy of the Notice of Removal and Notice of Automatic Stay were filed with the Clerk of the 18th Judicial District Court, Parish of Iberville, State of Louisiana, as required by 28 U.S.C. §1446(e).

Baton Rouge, Louisiana, this 8th day of June 2022.

*Attorneys for Olin Corporation*