18TH JUDICIAL DISTRICT COURT

PARISH OF IBERVILLE

STATE OF LOUISIANA

DOCKET NO. 81516                                DIVISION: "A"

TIM FABRE and NICOLE FABRE,
INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

OLIN CORPORATION

## CLASS ACTION PETITION

The Petition of Tim and Nicole Fabre, persons of the full age of majority, domiciled in Iberville Parish, Louisiana respectfully represents:

1.

Petitioners bring this action on their own behalf and on behalf of all others similarly situated in the respects hereinbelow stated.

2.

This is a class action brought pursuant to La. C.C.P. art. 591, et seq. on behalf of all persons or entities who or which sustained direct and/or consequential injury and damage as a result of the emission of chlorine at the Olin facility located in Iberville Parish, Louisiana on or about Monday, April 18, 2022 which caused damages and injuries as alleged herein.

3.

Made Defendant herein is Olin Corporation (hereinafter "Olin"), a foreign corporation doing business in the State of Louisiana, Parish of Iberville.

4.

The emission was caused, upon information and belief, by the negligence of the Defendant, Olin, in the following particulars, but not necessarily limited thereto:



a. In allowing to exist at the Olin facility a hazardous situation consisting of faulty or damaged equipment, parts and appurtenances;

b. In failing to discover or repair the faulty or damaged equipment, parts and appurtenances;

c. In failing to use proper workmanship in the maintenance and repair of the facility, to assure its safe use for the handling and storage of hazardous substances (chlorine) at all times;

d. In failing to use proper workmanship and care in working in the area of the release;

e. In failing to properly inspect the facility to assure that it was fit for its intended purpose;

f. In designing and maintaining a facility which was useless for its intended purpose;

g. In acting in a careless and negligent manner without due regard for the safety of others;

h. In failing to promulgate, implement and enforce rules and regulations pertaining to the safe operation of the procedures being employed at the time of the chemical release which, if they had been so promulgated, implemented and enforced, would have averted the chemical release;

i. In using the wrong type of material and/or inferior material and in failing to use proper materials;

j. In failing to perform adequate testing of its plant facility;

k. In failing to adequately prepare for the possibility of a chemical release at said plant facility, foreseeable in the operation and maintenance of a chemical plant and its appurtenances; and,

l. Such other acts of negligence or omissions as will be shown at the trial of this matter.

All of which aforesaid acts of negligence are in violation of the laws of the State of Louisiana and the ordinances of the Parish of Iberville which are pleaded herein as if copied in extenso.

5.

The actions of the Defendant, Olin, were willful and in violation of applicable safety standards and statutes and their failure to do proper testing and inspection procedures on the plant facility and its appurtenances at its facility in Plaquemine, Louisiana constitute negligence per se.

6.

In addition to the negligence stated above, and in the alternative thereto, the injuries and damages suffered by Petitioners and others similarly situated were caused by acts or omissions of the Defendant, which acts, or omissions may be beyond proof by the Plaintiffs herein, but which were within the knowledge and control of the Olin, there being no other possible conclusion than that the chemical release resulted from the negligence of Olin. Furthermore, the chemical release would not have occurred had Olin exercised the high degree of care imposed on it in the handling and storage of hazardous substances, and Plaintiffs therefore plead the doctrine of res ipsa loquitor.

7.

Upon information and belief, it is alleged that Petitioners and other similarly situated persons in the vicinity of the chemical release sustained damage, including, but not limited to, personal injury, mental and economic damages, and/or inconvenience.

8.

On information and belief, the product was chlorine, a known carcinogen. The escaping chlorine was evidenced by the presence of a white cloud drifting to the south-southwest of the facility as well as confirmed positive air sampling results.

9.

Petitioners and persons located in the area of the chemical release live in an ever-present fear that as a result of their exposure they will suffer from disabling or terminal disease in the future and as a result, they are entitled to medical monitoring.

10.

All of the above caused considerable fear, anguish, discomfort and inconvenience of the populace of the community surrounding the Olin facility, as well as some injuries which required medical attention.

11.

The claim of each Plaintiff herein for damages does not satisfy the federal removal requirement.

12.

Until a more precise determination is made of the geographical area disbursal of the chlorine cloud, Petitioners allege that the class consists of all persons and entities located or residing in and around the City of Plaquemine, Parish of Iberville, State of Louisiana, who have sustained personal, mental and economic damages and/or inconvenience as a result of the chemical release which occurred on April 18, 2022.

13.

This action is appropriate for adjudication through the Louisiana Class Action Procedure (La. C.C.P. art. 591, et seq.) for the following reasons:

a. The large number of potential claimants present a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims;

b. The common issues of law and fact pertaining to the determination of fault and the liability for compensatory and exemplary damages predominate over the individual issues of quantum;

c. The determination of fault and the basis for assessment of damages may be made in a class action under the provisions of La. C.C.P. art. 592.1(C)(1)(2) & (3) without the necessity of proof at that time as to the amount of those damages, thereby establishing guidelines for settlement and/or subsequent trials in individual cases, if necessary;

d. Petitioners herein have sustained damages of the nature described hereinabove and are suitable representatives of the class;

e. The Plaintiff representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class actions and who may be expected to handle this action in an expeditious and economical manner to the best interest of all the class membership;

f. The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented.

14.

Plaintiffs seek certification on behalf of a class defined as follows (the "Class"):

> "All persons who were residing in the vicinity of the City of Plaquemine, Louisiana on April 18, 2022, and were exposed to the chlorine which had been released from the Olin plant facility located within The Dow Chemical facility."

15.

Plaintiffs reserve the right to modify or redefine the definitions of the Class based upon discovery of new information and in order to accommodate any of the Court's manageability concerns.

16.

Excluded from the Class are:

(a) Any Judge presiding over this action and members of their staff, as well as members of their families;

(b) Defendant's predecessors, parents, successors, heirs, assigns, subsidiaries and any entity in which the Defendant or its parent have a controlling interest as well as Defendant current or former employees, agents, officers, and directors;

(c) Persons who properly execute and file a timely request for exclusion from the Class;

(d) Persons whose claims in this matter have been fully adjudicated on the merits or otherwise released;

(e) Counsel for Plaintiffs and Defendant; and,

5

(f) The legal representatives, successors and assigns of any such excluded person.

17.

Numerosity. The Class is so numerous that joinder of individual members herein is impracticable. The exact number of members of the Class, as identified and described, is not known at this time, but upon information and belief, the Plaintiffs allege that the number exceeds 3,000 individuals.

18.

Commonality. Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual Class Members, including the following:

- The amount of chlorine which was released in the incident;
- The amount of chlorine which exited the perimeter of the Dow facility into the adjoining neighborhoods;
- The parts per million of exposure to chlorine for each individual depending on their physical location during the incident;
- Whether Defendant's conduct was negligence per se;
- Whether Plaintiffs and the members of the Class are entitled to actual damages.

19.

Typicality. Plaintiffs' claims are typical of the claims of the other members of the proposed Class. Plaintiffs and members of the Class (if applicable) suffered injuries and damages as a result of Defendant's wrongful conduct that is generally uniform across the Class.

20.

Adequacy. Plaintiffs' interests are in line with the Class they seek to represent. Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent counsel highly experienced in complex litigation in class actions and the types of claims at issue in this litigation, with

6

the necessary resources committed to protecting the interests of the Class. Plaintiffs have no interest that is antagonistic to those if the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of members of the Class. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

21.

Superiority. The class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the Courts and Defendant, would create a risk of inconsistent or varying adjudications of the questions of law and fact common to members of the Class, and would be dispositive of interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Class treatment will create economies of time, effort and expense and promote uniform decision making.

22.

The proposed class presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

23.

Class certification, therefore, is appropriate under La. C.C.P. art. 591, et seq. because the above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, the Petitioners pray:

I. That the Defendant be duly served with a copy of this Petition and cited to appear and answer same;

II. That after due proceedings are had, that this action be certified as a class action pursuant to the provisions of La. C.C.P. art. 591, et seq., in the respects alleged hereinabove, for the purposes of determining the combinations of liability for compensatory damages and the basis for assessment of damages, if any;

III. That, upon certification of the class action, this Court call for the formulation of a suitable management plan pursuant to La. C.C.P. art. 593 (C);

IV. That, after due proceedings, there be judgment in this matter in favor of the Plaintiffs and against the Defendant, Olin Corporation, declaring that said Defendant is liable to the Plaintiffs and all class members for damages resulting from the emission at the Olin Corporation facility located in Iberville Parish, Louisiana on April 18, 2022, and, further, decreeing the basis for which damages may be assessed against the Defendant held liable therefore in this proceeding;

V. That the rights of the Plaintiffs and the members of the class to establish their entitlement to damages, and the amounts thereof, be reserved for determination in their individual actions when appropriate;

VI. That the Plaintiffs recover their costs for the prosecution of this class action;

VII. That after due proceedings are had, there be judgment herein in the favor of the Plaintiffs and against Defendant, in such amount as reasonable in the premises, for compensatory damages, plus all costs, interest from date of judicial demand and attorneys fees; and,

VIII. For all general and equitable relief.

BY ATTORNEYS:

_____
PATRICK W. PENDLEY (#10421)
ANDREA L. BARIENT (#35643)
*Pendley, Baudin & Coffin, L.L.P.*
24110 Eden Street
Post Office Drawer 71

Plaquemine, Louisiana 70764-0071
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
Email: pwpendley@pbclawfirm.com
abarient@pbclawfirm.com

**JOSEPH B. DUPONT, JR.**
*Dupont, Dupont & Dupont*
23635 Railroad Avenue
Post Office Box 627
Plaquemine, Louisiana 70764-0627
Telephone: (225) 687-6893
Facsimile: (225) 687-0227
Email: dddlaw@bellsouth.net

**KIRK GUIDRY**
8201 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7481
Facsimile: (225) 924-4519
Email: kguidry@dueguidry.com

**ALLEN MYLES**
*Myles & Myles*
23445 Railroad Avenue
Plaquemine, LA 70764
Telephone: (225) 687-2822

**CHARLOTTE MCDANIEL**
Charlott C. McDaniel, Esq.
16851 Jefferson Highway
Suire 6-B
Baton Rouge, Louisiana 70808
Telephone: (225)389-6711
Fax: (225)372-2607
email: charlotte@mcdanielmcgehee.com

*Counsel for Plaintiffs*

**PLEASE SERVE DEFENDANT:**

OLIN CORPORATION
*Through its Registered Agent for Service of Process:*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816





A TRUE COPY
DATE
Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana